**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINA BELONSTON,<br><br>   *Plaintiff*,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., et al.,<br><br>   *Defendants*. | Case No.: 15-8075-PGS-DEA<br><br><br>**MEMORANDUM AND ORDER** |

**SHERIDAN, District Judge.**

**Facts and Procedural History:**

  This is Plaintiff's second motion to remand for lack of diversity. Plaintiff has cross-moved for judgment on the pleadings with regard to the newly added Defendants.

  Plaintiff Lina Belonston ("Belonston") brings this action under the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-12 et seq., against Marriott International Inc., Marriott Hotel Services, Inc. ("MHS") d/b/a Princeton Marriot Forrestal Center, and Jennifer Eckels ("Eckels") and Nancy Macknowsky ("Macknowsky") (collectively, "Defendants"). Belonston is 60 years old and of Haitian decent with a native language of Creole. (Amended Complaint ("Am. Compl.") ¶ 9). She had worked at the Princeton Marriott for about 15 years (2 years in housekeeping and 13 in guest services). (*Id.* ¶ 12).

  The Amended Complaint alleges the following. On or about October 24, 2014, Erica Grey ("Grey"), a former co-worker, accused Plaintiff of drinking on the job. (*Id.* ¶ 15). The next

day, Plaintiff met with Defendant Eckels, a manager at the Princeton Marriott. (*Id.* ¶¶ 18-20). Although Belonston denied any wrongdoing, Eckels told Plaintiff to report back the following week to discuss the matter further with the Human Resources Manager. (*Id.* ¶¶ 20-21). There was no interpreter during this discussion even though English is Plaintiff's second language. (*Id.* ¶ 22).

The Amended Complaint further alleges that on or about October 27, 2014, Plaintiff met with Defendant Macknowsky, a HR Manager at Princeton Marriott. (*Id.* ¶ 23). Plaintiff was accompanied by her niece to act as an interpreter, but Macknowsky did not allow her niece to be present. (*Id.* ¶ 24). Plaintiff's request to have Grey and Eckels attend the meeting as her accusers was also denied. (*Id.* ¶ 25). Macknowsky told Plaintiff that she had two letters to support the drinking allegation, purportedly from Grey and Eckels, but none were provided to Plaintiff. (*Id.* ¶ 26). Plaintiff was coerced into providing a statement that was typed by a Princeton Marriot employee in English, and Plaintiff was told to sign the statement even though she could not understand the contents. (*Id.* ¶¶ 27-28). Plaintiff was then suspended without pay pending further investigation. (*Id.* ¶ 29). On or about October 30, 2014, Plaintiff called Princeton Marriot about the status of her employment, at which point she was advised that she was terminated effective October 28, 2014. (*Id.* ¶ 30).

Plaintiff filed her Complaint in the Superior Court of New Jersey, Mercer County on or about September 28, 2015. She named John/Jane Doe defendants and corporations in the Complaint. Defendants removed to this Court on November 13, 2015 pursuant to diversity jurisdiction. (ECF No. 1). In their answer on December 4, 2015, Defendants identified "Erica," "Nancy," and "Jennifer" from Plaintiff's Complaint as Erica Grey, Jennifer Eckels, and Nancy Macknowsky. (ECF No. 7). On December 14, 2015—10 days later—Plaintiff filed a motion to

remand. (ECF No. 8). In that motion, Plaintiff argued that the case should be remanded because MHS was a New Jersey corporation. But in Plaintiff's reply brief for the first motion to remand, which was filed on January 19, 2016, she indicated that she would like to add unidentified and unnamed nondiverse parties to the case in place of the John and Jane Does. (ECF No. 15). The Court denied that motion to remand that was predicated on the domicile of MHS on February 1, 2016, providing Plaintiff with 30 days to amend the complaint to add the additional defendants. (ECF No. 16).

Plaintiff then filed an Amended Complaint on April 18, 2016, changing the caption to include Macknowsky and Eckels, including their residences, and identifying them by their full names throughout. (ECF No. 21; ECF No. 22).

On July 5, 2016, Plaintiff filed this second motion to remand based on the new, nondiverse Defendants. (ECF No. 32). On August 1, 2016, Defendants filed a cross motion for judgment on the pleadings. (ECF No. 34).

Here, it is undisputed that Plaintiff is a citizen of New Jersey. Defendants Eckels and Macknowsky ("Individual Defendants") are also residents of New Jersey. (Am. Compl. at 1, ¶¶ 5-6). If the Court allows them to remain in the case, diversity is destroyed and the case must be remanded.

**Analysis**:

"The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between ... citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The statute requires "complete diversity between all plaintiffs and all defendants." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Therefore, without

some other basis for jurisdiction, "no plaintiff [may] be a citizen of the same state as any defendant." *Id.*

Under 28 U.S.C. §1447(e), "[i]f after removal the plaintiff seeks to join additional parties whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand to state court." *Id.* In determining whether to permit joinder, courts in this Circuit apply the factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), cert. denied, 493 U.S. 851 (1989). These factors are: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. 833 F.2d at 1182. The Third Circuit has looked to *Hensgens* for examining whether parties have been joined for the sole purpose of defeating diversity. *Hayden v. Westfield Ins. Co.*, 586 Fed. Appx. 835, 840-41 (3d Cir. Sept. 18. 2014). According to *Hensgens*, "[t]he district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." 833 F.3d at 1182.

Fraudulent joinder means that "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) (internal quotation omitted). The court can disregard citizenship of the non-diverse defendants, keep jurisdiction, and dismiss the nondiverse defendants if it determines that joinder was fraudulent. *Id.* However, "a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a 'heavy burden of persuasion.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

The first *Hensgens* factor is the extent to which the purpose of amendment is to defeat federal jurisdiction. Plaintiff argues that she identified Eckels and Macknowsky by first name in the initial state court filings, and there are viable claims against them. Defendants argue that it is irrelevant that they were named by first name in the original Complaint, because they were not listed as defendants. See 28 U.S.C. § 1441(b) ("the citizenship of defendants sued under fictitious names shall be disregarded.").

Plaintiff claims that she has a legitimate cause of action against the two Individual Defendants. An individual may not be held directly liable for discrimination under the LAD, but may be liable where he or she "aid[s] or abet[s]…in the doing of any of the acts forbidden under [the LAD]." N.J.S.A. § 10:5-12(e). The complaint must allege: "(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation.' " *Tarr v. Ciasuilli*, 181 N.J. 70, 84 (2004). There must be "active and purposeful conduct," and the individual must have willfully and knowingly associated herself with another's unlawful act. *Burroughs v. City of Newak*, 2013 WL 4047588, at *7 (D.N.J. Aug. 9, 2013).

In addition, a prima facie case for discrimination under the LAD generally requires Plaintiff to show that she (1) belongs to a protected class; (2) was performing a job at a level that met the employer's legitimate expectations; (3) suffered an adverse employment action; and (4) others not within the protected class did not suffer similar adverse employment actions. *Wesley v. Palace Rehabilitation & Care Center*, 3 F. Supp. 3d 221, 231 (D.N.J. 2014).

Plaintiff appears to have met all of these elements. It also seems plausible at this stage that Eckels and Macknowsky engaged in "active and purposeful conduct," or "substantially assisted" the discriminatory acts by denying Plaintiff's request for an interpreter, coercing her into signing a statement that she did not understand, denying her request to be confronted by her accusers, and refusing to provide Plaintiff with a copy of the written statements prepared by her accusers.

The second factor is whether plaintiff has been dilatory. Plaintiff claims that she has been diligent because she used fictitious pleadings in the initial state court filing, and these potential parties were identified by first name in the original Complaint. Moreover, the Court allowed Plaintiff to amend the Complaint, and the amendment was made within the prescribed time period. Defendants contend that Plaintiff has been dilatory because there was no indication from her initial Complaint that "Nancy" and "Jennifer" were going to eventually be substituted as the Doe defendants. Also, Defendants claim that Plaintiff did not join these defendants upon discovering their identities as she suggests. Instead, Plaintiff had been informed of Eckels and Macknowsky's complete identities in Defendant's Answer to the Complaint 10 days before Plaintiff filed her first motion to remand. See Duston Cert. at ¶ 6; Ex. C. Therefore, on December 4, 2015, Defendants answered the Complaint identifying Jennifer Eckels and Nancy Macknowsky as the individuals who Plaintiff was likely referring to as "Jennifer" and "Nancy." Then on December 14, 2015, Plaintiff filed her first motion to remand without mentioning Macknowsky or Eckels; Plaintiff instead sought to remand on the grounds that MHS was not domiciled in New Jersey. Not until reply papers in the first motion to remand did Plaintiff indicate that she sought to add Macknowsky and Eckels as the Doe defendants.

The third factor is whether Plaintiff will be significantly injured if amendment is not allowed. Although Plaintiff does not address this factor in her brief, presumably, without amendment, Plaintiff will be forced to litigate in federal court, and all the parties involved will not be included in the same case.

After considering these factors, the Court will grant joinder and, as a result, will remand the case. Although Plaintiff may have been somewhat dilatory in joining the Individual Defendants, and waited until her reply brief for the first motion to remand to bring up the issue, she did list fictitious names in her original Complaint. Similarly, Defendant should have been on notice that these Individual Defendants should have been named in an Amended Complaint, because they were named by first name throughout the original Complaint. Although Defendants claim that she they should not have guess who is included in the lawsuit, it seems clear here who Plaintiffs were referring to, and clear that they may have been the subject of litigation. More importantly, Plaintiff may have viable claims against these Individual Defendants. Although the Court will not speculate at this point as to whether the claims are sufficient to survive a motion to dismiss, there are enough facts to conceivably make out a claim for aider and abettor liability. Therefore, the Court is not convinced that the main purpose of Plaintiff's joinder request is to defeat diversity. After weighing the *Hensgens* factors, the Court will grant Plaintiff's motion to remand. As such, the Court will also deny Defendant's motion for judgment on the pleadings as moot.

Plaintiff also seeks the payment of just costs and expenses incurred as a result of removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A court has

discretion under this statute whether to award costs and attorney fees. *Eyal v. Lior*, 913 F. Supp. 868, 878 (D.N.J. 1996). "The Supreme Court has held that 'absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.'" *First Am. Title Ins. Corp. v. JP Morgan Chase & Co.*, 384 F. App'x 64, 66 (3d Cir. 2010) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

However, Defendants had an objectively reasonable basis seeking removal here since Plaintiff did not list these nondiverse named defendants in her original Complaint. Plaintiffs request for attorney's fees and costs is denied.

## ORDER

For the reasons stated herein and for good cause shown,

IT IS, on this, ___ day of September 2016,

ORDERED that Plaintiff's Second Motion to Remand to State Court [ECF No. 32] is GRANTED; it is further

ORDERED that Defendants' Cross Motion for Judgment on the Pleadings is DENIED.

PETER G. SHERIDAN, U.S.D.J.